UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CCP PROPERTIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:   16-15618** |
| **PARISH OF JEFFERSON, ET AL** | **SECTION: "E" (4)** |

## ORDER

Before the Court is the Defendant Parish of Jefferson ("Parish")'s **Motion for Leave to File Amended Affirmative Defenses and Answer (R. Doc. 34)** seeking leave of the court amend its affirmative defenses and answer as well as assert additional affirmative defenses. The motion is not opposed. The motion was submitted on May 10, 2017.

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports,*

*LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

Moreover, the Fifth Circuit has also clarified that when it comes to dealing with amendments concerning affirmative defenses:

> Generally, affirmative defenses must be presented in the answer. Fed. R. Civ. P. 8(c)(1). Even so, if the defense is later presented "in a manner that does not result in unfair surprise[,] ... technical failure to comply precisely with Rule 8(c) is not fatal." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir.1983). The defense may be considered if it was raised "at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Id.* at 856.

*Bradberry v. Jefferson County*, 732 F.3d 540, 552 (5th Cir. 2013).

Here, the Parish's motion was filed on April 13, 2017 and therefore is timely pursuant to the Court's scheduling order. R. Doc. 30. Furthermore, the motion is unopposed. Given the liberal standard espoused by Rule 15 and that the Court sees no substantial reason to deny the motion, the Court grants the motion for leave to file amended affirmative defenses and answer.

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion for Leave to File Amended Affirmative Defenses and Answer (R. Doc. 34)** is **GRANTED.**

New Orleans, Louisiana, this 10th day of May 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**